Dear Mayor Pickett, Sr.:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Town of Mansura ("Town"), you have asked for our opinion on several matters related to the use of a Town owned building by various third-parties. Specifically, you ask under what circumstances the Town may lease the building. You also ask for our opinion as to whether the Town may enter into a management agreement and/or cooperative endeavor agreement with the local Chamber of Commerce ("Chamber") whereby the Chamber would manage the use and/or lease of the building.
La.Rev.Stat. 33:4712 provides the following with respect to the lease of a building owned by a municipality:
§ 4712. Sale, exchange, or lease of property by a municipality
A. A municipality may sell, lease for a term of up to ninety-nine years, exchange, or otherwise dispose of, to or with other political corporations of this state, or private persons, at public or private sale, any property, or portions thereof, including real property, which is, in the opinion of the governing authority, not needed for public purposes.
B. Except as otherwise provided in this Section, before disposition can be made of property under the provisions of this Subpart, an ordinance must be introduced, giving the reasons for the action on the part of the governing authority, and fixing the minimum price and terms of the sale, *Page 2 
lease, exchange, or other contract to be made with reference to the property. In instances of exchanges of municipally owned immovable property valued at one hundred thousand dollars or more, the municipality, prior to introduction of the aforementioned ordinance, shall for a minimum of three times in thirty days advertise for and receive other proposals for the exchange of property comparable with the exchange of properties proposed by the municipality; however, exchanges involved in the relocation of public streets, roads, highways, servitudes, rights of way, and/or public franchises shall not be subject to this requirement. Thereafter, notice of the proposed ordinance must be published three times in fifteen days, one week apart, in a newspaper published in the municipality or, if there is no such newspaper, in a newspaper having a general circulation in the municipality, and if there is no newspaper of general circulation in the municipality, by posting in three public and conspicuous places in the municipality.
C. Any opposition to the proposed ordinance shall be made in writing, filed with the clerk or secretary of the municipality within fifteen days after posting of the above notice or its first publication. If an opposition is filed, the governing authority shall not adopt the ordinance until a hearing has been held. If the ordinance is adopted, it shall not become effective until ten days after its passage, during which time any interested citizen may apply to the district court having jurisdiction of the municipality for an order restraining the disposition of the property. After the ordinance becomes effective, it cannot be contested for any reason.
D. The provisions of this Section relating to exchanges shall not apply to any exchange authorized by ordinance prior to January 1, 1983.
E. Notwithstanding any other provision of law to the contrary, a municipality may sell, lease for a term of up to ninety-nine years, exchange, or otherwise dispose of any real property, or portions thereof, to other political, public, or quasi public corporations, to state agencies or to private persons without the necessity of advertisement or bid, if the property sold, exchanged, or leased is dedicated for the purpose of creating a research and development park in cooperation with the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, the Board of Supervisors of Southern University and Agricultural and Mechanical College, or the Board of Trustees for State Colleges and Universities and the governing authority of the appropriate parish or municipality. Before disposition can be made of property under the provisions of this Subpart, an ordinance must be introduced giving the reasons for the actions on the part of the governing authority and fixing the *Page 3 
terms of the sale, lease, exchange, or other contract to be entered into with respect to the property so dedicated. The assumption of the obligation by the vendee or lessee to establish, operate, and manage a research and development park in accordance with restrictions and covenants mutually agreed between the municipality and the lessee or vendee shall constitute valid consideration to the municipality for the sale, lease, or exchange of the dedicated property.
F. Notwithstanding any provisions of this Section to the contrary, a municipality may sell any movable property having an appraised value of five thousand dollars or less at private sale provided that:
(1) A resolution giving the reasons for the action on the part of the governing authority and fixing the minimum price and terms of the sale shall be adopted.
(2) Notice of the resolution and proposed sale shall be published once at least fifteen days prior to the date of the sale in the official journal of the municipality.
(3) The sale shall be made to the person with the highest bid.
Thus, pursuant to La.Rev.Stat. 33:4712, if the Town intends lease the building in question it must first declare that the building is no longer needed for public purposes. Then, an ordinance outlining the details of the proposed lease must be introduced. Notice of the proposed ordinance must also be given in order to give the public an opportunity to be heard on the proposed transaction. Subsection (C) of La.Rev.Stat. 33:4712
further provides that any opposition to the proposed ordinance shall be made in writing and if an opposition is filed, the Town shall not adopt the ordinance until a hearing has been held. If the event the ordinance is adopted, it shall not become effective until ten (10) days after its passage. During this time, any person may seek a court order enjoining the lease of the property. After the ordinance becomes effective, it cannot be contested for any reason.
It is our understanding that a majority of the proposed third-party uses of the building in question would be for limited short-term events such as weddings, family reunions, high school reunions, etc. Also, you have indicated that the Town has historically allowed certain civic organizations such as the Chamber, Kiwanis Club, etc. to use the building as a meeting place. In our view, these limited short-term uses do not invoke the lease of land provisions of La.Rev.Stat. 33:4712. We believe the Town has the discretion to allow these limited uses provided it obtains in return a value or benefit that is commensurate with such use in order to avoid any violation of Louisiana Constitution Article VII, Section 14. By extension, we believe the Town is free to contract with the *Page 4 
Chamber via a management agreement and/or cooperative endeavor agreement to allow the Chamber to handle the management, scheduling, and coordination of these limited short-term events.
In accord is Attorney General Opinion No. 02-0363 which opined that the Caldwell Parish School Board could contract for the non-exclusive use of its publicly owned property by a religious organization. There, the School Board had already adopted a policy that set forth a fee schedule for any organization wishing to rent the property and had expressed a commitment not to treat religious organizations any differently than any secular organization. Similarly, Attorney General Opinion No. 03-0218 concluded that the Town of Elton could permit limited short-term uses of public property upon payment of a set fee schedule. In this case, the Town of Elton wanted to permit the use of a town building for a church group to hold Bible studies. In our conclusion, we found no legal prohibition against permitting a non-resident use of the town building when the rental fee was uniformly paid by those seeking the rental. We also opined that it would appear to be reasonable to allow use of the building on a first come, first serve basis so as not to be biased.
Notwithstanding, in the event the Town wishes to enter into a long-term agreement, whereby a third-party would have long-term undisturbed control over and use of the building in question, then we believe the provisions of La.Rev.Stat. 33:4712 would be applicable. The provisions of La.Rev.Stat. 33:4712 would also apply to any proposed management agreement and/or cooperative endeavor agreement whereby by the Chamber would have the authority to manage, schedule, and/or coordinate such long-term uses. In both instances, the Town must receive in return a value or benefit that is commensurate with the use of the building.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: _____________________ MICHAEL J. VALLAN Assistant Attorney General
JDC/MJV/crt